IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF TENNESSEE, *ex rel.* BRANDY BRYANT and CAROL BLACKWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> COMFORT CARE HOSPICE, LLC, *et al.*, <br><br> Defendants. | CIVIL CASE NO. 2:20-cv-911-ECM [WO] |

**O R D E R**

Now pending before the Court is the Relators' first motion to amend their complaint. (Doc. 78).[1] Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The Relators assert that they move to amend to "more clearly provid[e] the Defendants with their requested notice of the claims against them." (Doc. 78 at 2).[2] In the Eleventh Circuit, "[w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing [the] case with prejudice on non-merits shotgun pleading

---

[1] References to docket and page numbers are to those generated by the Court's CM/ECF electronic filing system.

[2] Also pending before the Court is the Defendants' motion to dismiss in which they argue the Relators' original complaint "is an impermissible shotgun pleading that should be dismissed under Rules 8(a), 9(b), and 10(b)." (Doc. 62 at 9).

grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018). Here, the Relators move to amend their complaint to rectify the pleading issues identified in the Defendants' motion to dismiss.[3] Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the Relators' motion to amend their complaint (doc. 78) is GRANTED. It is further

ORDERED that the Relators shall file their amended complaint as a separate docket entry **on or before May 27, 2025,** in compliance with this Court's local rules. *See* M.D. Ala. LR 15.1.

DONE this 20th day of May, 2025.

          /s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Defendants argue that the original complaint meets "all four categories of shotgun pleadings recognized in [the Eleventh] Circuit." (Doc. 62 at 9). Because the Relators are represented by counsel, were aware of the Defendants' arguments explaining why their complaint qualifies as a shotgun pleading, and requested to amend the complaint before the Court decided whether to dismiss the case on non-merits shotgun pleading grounds, the Court finds this case does not fit within the holding in *Vibe Micro* and declines to "explain how the offending pleading violates the shotgun pleading rule." *See Vibe Micro*, 878 F.3d at 1296.