IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA and )
STATE OF TENNESSEE, )
*ex rel.* BRANDY BRYANT and )
CAROL BLACKWOOD, )
           )
      Plaintiffs, )
           )
v. )   CIVIL CASE NO. 2:20-cv-911-ECM
           )          [WO]
COMFORT CARE HOSPICE, )
L.L.C., *et al.*, )
           )
      Defendants. )

## O R D E R

On February 19, 2026, on Defendants' motion, the Court dismissed Plaintiffs' amended complaint without prejudice with leave to amend on or before March 6, 2026. (Doc. 94).[1] Plaintiffs did not timely amend their complaint or ask for additional time to do so. Accordingly, the Court's February 19, 2026 order dismissing the amended complaint has become a final judgment. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension.").[2] The Court therefore

---

[1] Counts Four, Five, Six, and Seven were dismissed without prejudice without leave to refile. (Doc. 94 at 36). The balance of Plaintiffs' claims—Counts One, Two, Three, Eight, Nine, and Ten—were dismissed without prejudice with leave to refile. (*Id.*).

[2] On October 21, 2025, because federal funding had lapsed, the Court entered a general order staying all litigation in which the United States was a party "until appropriations [we]re restored." (Doc. 93 at 1–2). That order also extended "all deadlines in place as of the date of th[at] [o]rder." (*Id.* at 2). However, the

lacks jurisdiction over this matter to grant anything other than post-judgment relief. *See id.* at 720 ("The only recourse for a plaintiff who seeks to set aside the final judgment is to appeal, move to alter or amend the judgment, or move for relief from the final judgment." (internal citations omitted)); *Bessent v. Biden*, 2023 WL 2024896, at *1 (M.D. Fla. Feb. 15, 2023) ("Of course, a plaintiff may also refile the action if the dismissal was without prejudice and is not otherwise barred by the statute of limitations.").

Because the Court lost jurisdiction over this action when Plaintiffs failed to file an amended complaint by March 6, 2026, this action is due to be dismissed without prejudice.

Accordingly, for good cause, it is

ORDERED that this action is DISMISSED without prejudice. An entry of final judgment is forthcoming.

DONE this 10th day of March, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

---

Court did not enter an order on the docket expressly stating that the stay had been lifted in this case until after it entered its order on Defendants' motion to dismiss—though the Court stated that the stay had "been lifted effective November 12, 2025," when appropriations were restored. (Doc. 95 (emphasis omitted)). Thus, it was clear from the Court's orders that the March 6, 2026 deadline to file a second amended complaint was not implicated by the stay previously entered and lifted by operation of the Court's October 21, 2025 order.